IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 1 3 2020
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| JOHN CURTIS GRIFFIN, <br> BOP No. 88410-011, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | § § § § § § § § § § | <br><br><br><br><br> 2:17-CV-103-Z-BR |

**MEMORANDUM OPINION DISMISSING CIVIL RIGHTS COMPLAINT**

This matter comes before the Court on Plaintiff's Motion to Modify Presentence Report Pursuant to 42 U.S.C. § 1983, filed June 9, 2017 (ECF No. 3) ("Complaint"). Plaintiff in 2013 pleaded guilty to possession of cocaine with intent to distribute. *See* Order, ECF No. 50, Case No. 2:12-CR-00055-J-BB (N.D. Tex. Feb. 15, 2013). Plaintiff asserts his presentence report falsely found that he was a gang member ("PSR Finding"), and he asks the Court to (1) produce the source for the PSR Finding; and (2) redact the PSR Finding from his records in the Federal Bureau of Prisons ("BOP"). *See* Complaint at 1-3. For the reasons stated below, the Court DENIES the requests and DISMISSES the Complaint.

**BACKGROUND**

A state trooper stopped Plaintiff's pickup truck in 2012 and searched it for narcotics. *See* Factual Resume 2, ECF No. 49, Case No. 2:12-CR-00055-J-BB (N.D. Tex. Feb. 15, 2013) ("Factual Resume"). The search uncovered 16.5 pounds of cocaine. *See id.* at 3. Plaintiff was arrested, indicted, and pleaded guilty to possession with intent to distribute. *See* Plea Agreement

¶ 2, at 1-2, ECF No. 47, Case No. 2:12-CR-00055-J-BB (N.D. Tex. Feb. 15, 2013) ("Plea Agreement"). Plaintiff's PSR stated he was a gang member, and that designation remains on his BOP records despite Plaintiff's averment during allocution that the statement was incorrect. *See* Complaint at 5. Plaintiff anticipates the PSR Finding may *in the future* (1) subject him to more invasive prison searches due to incorrect inmate classification; (2) complicate his search for employment upon release; and (3) increase official scrutiny of his post-release travel. *See* Complaint at 3-4.

In the years since his incarceration began, Plaintiff has asked the DEA, FBI, and BOP to (1) provide him with the source behind the PSR Finding; and (2) redact the PSR Finding from his records. *See* Complaint at 7-14. Each agency has denied his requests under various exemptions in the Freeedom of Information Act ("FOIA"). *See id.* Plaintiff believes he has exhausted all adminstrative remedies and now seeks the same relief from the Court. *See id.* at 3.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

To obtain relief under 42 U.S.C. § 1983, Plaintiff must prove that he (1) *was* deprived of (2) a constitutional or statutory right. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff satisfies neither requirement. First, he solely speculates about *future* harms. Second, he asserts no cognizable deprivation of rights. Plaintiff does not have a constitutional right to any particular inmate classification, *see Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003), or to easy access to employment or travel documents post-release. Nor does he possess a statutory right to FOIA records that identify a criminal informant or to correct allegedly inaccurate records "compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from prison." 5 U.S.C. § 552a(j)(2); *see also* 28 C.F.R. § 16.97(a). Accordingly, the Court DENIES Plaintiff's requests and DISMISSES the Complaint with prejudice as frivolous under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

May 13, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

3